IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RANDALL M. YURKONIS,** | : CIVIL ACTION NO. 1:22-CV-1977 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PRIME CARE MEDICAL,** *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Randall M. Yurkonis, a prisoner in Schuylkill County Prison, alleges that the prison and its medical services subcontractor, Prime Care Medical ("Prime Care"), violated his civil rights. We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. Yurkonis's claims against Schuylkill County Prison will be dismissed with prejudice, but the complaint will otherwise be dismissed without prejudice. Yurkonis will be granted leave to file an amended complaint.

**I.     Factual Background & Procedural History**

Yurkonis initiated this case through the filing of a complaint on December 8, 2022, which the court received and docketed on December 15, 2022. (Doc. 1). The complaint alleges in conclusory fashion that Yurkonis's right to privacy was violated by prison staff, that prison staff "intimidated" him, which caused him to fear for his safety, and that medical staff committed "neglect and malpractice." (Id. at 4). Yurkonis does not make any factual allegations in support of these claims and notes

that evidence in support of the claims "will have to be supenaed [sic]." (Id.) Schuylkill County Prison and Prime Care are named as defendants. (Id. at 1-3). Yurkonis seeks damages and injunctive relief requiring the prison to "fix the prison staff's unfair treatment." (Id.)

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

2

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.  Discussion

Yurkonis brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Having reviewed Yurkonis's complaint, we find that it fails to state a claim upon which relief can be granted.  Yurkonis's claim against Schuylkill County Prison fails as a matter of law because Section 1983 allows a plaintiff to bring suit only against a "person" who violates the plaintiff's constitutional rights while acting under color of state law and county jails are not persons subject to suit under Section 1983.  See, e.g., Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016) (nonprecedential); Beaver v. Union County

Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015) (nonprecedential); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013) (nonprecedential).[3]

As for Yurkonis's claim against Prime Care, plaintiffs seeking to bring civil rights claims against private corporations providing medical services to jails must allege that the corporations had a "policy or custom that resulted in the alleged constitutional violations at issue." Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)). Yurkonis does not allege any Prime Care policy that caused the alleged violations of his civil rights and accordingly fails to state a claim against Prime Care upon which relief may be granted.

The complaint additionally fails to state a claim upon which relief may be granted because Yurkonis's only allegations are conclusory statements that are not entitled to the assumption of truth. See Santiago v. Warminster Township, 629 F.3d 121, 131-32 (3d Cir. 2010). Yurkonis does not allege any facts in support of his claims and fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We find that amendment would be futile as to

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

Yurkonis's claim against Schuylkill County Prison because the jail is not a person subject to suit under § 1983, but we will grant Yurkonis leave to amend to cure the pleading defects in his claims against Prime Care and to name individual defendants, if any, who were responsible for the alleged violations of his civil rights.

## IV.    Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Yurkonis will be granted leave to amend except as to his claim against Schuylkill County Prison. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    December 19, 2022