**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RANDALL M. YURKONIS,** | : | **CIVIL ACTION NO. 1:22-CV-1977** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PRIME CARE MEDICAL,** ***et al.*****,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Randall M. Yurkonis, a prisoner in Schuylkill County Prison, alleges that the prison and its medical services subcontractor, Prime Care Medical ("Prime Care"), violated his civil rights. The case is proceeding on Yurkonis's amended complaint. We have screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted. The amended complaint will be dismissed without further leave to amend.

## I. Factual Background & Procedural History

Yurkonis initiated this case through the filing of a complaint against Schuylkill County Prison and Prime Care on December 8, 2022. (Doc. 1). The complaint alleged that Yurkonis's right to privacy was violated by prison staff, that prison staff "intimidated" him, which caused him to fear for his safety, and that medical staff committed "neglect and malpractice." (Id. at 4).

We dismissed the complaint for failure to state a claim on December 19, 2022. (Docs. 6-7). We concluded that Schuylkill County Prison was not a "person" subject

to suit under Section 1983, that the complaint did not allege the existence of a policy that would allow claims against Prime Care to proceed, and that the complaint's allegations were entirely conclusory in nature. (Doc. 6 at 3-4). We dismissed the claims against Schuylkill County Prison with prejudice, but otherwise granted Yurkonis leave to amend. (Doc. 7).

Yurkonis timely filed an amended complaint on December 24, 2022, which the court received and docketed on December 30, 2022. (Doc. 12). The amended complaint raises claims against Schuylkill County Prison, Prime Care, and several individual employees of the prison, defendants Klinger, Borrell, Fritz, Rose, Holiday, "Lt. Warden," and "Deputy Warden." (Id.) According to the allegations in the amended complaint, defendant Klinger "failed to recognize the warning signs of an assault" despite Yurkonis making him "aware" of such a risk, which led to Yurkonis suffering "severe injury." (Id. at 1). Defendants Borrell, Fritz, Rose, and Holiday allegedly threatened Yurkonis with violence in November 2022.[1] (Id.) Defendants Lt. Warden and Deputy Warden are allegedly "responsible" for Yurkonis and other inmates being triple-celled and for inmates potentially being exposed to COVID-19 due to not being held in medical holding cells. (Id.)

With respect to defendant Prime Care, the complaint alleges that Prime Care staff threw out Yurkonis's personal information and that staff denied him medical care for six days after "the assault" despite "Nurse Katrina" purportedly telling "Lt.

[1] The complaint states that the threats took place in November, but does not specify which year. The court assumes for purposes of this opinion that the events took place in November 2022.

Escalante" that "it was broken."[2] (Id. at 3). Yurkonis allegedly saw "doctor Aksar,"[3] an ear, nose, and threat specialist, on December 14, 2022,[4] who concluded that Yurkonis needed reconstructive surgery. (Id.)

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[5] 28 U.S.C. § 1915A.[6] The court is required to identify cognizable claims

---

[2] It is unclear if "the assault" is connected to the injury Yurkonis allegedly suffered as a result of defendant Klinger's purported failure to recognize the warning signs of an assault. It is also unclear what "Nurse Katrina" was referring to when she allegedly stated, "it was broken."

[3] The complaint appears to refer to this individual as "doctor Ak5ar." The court assumes that the "5" in the individual's name is meant as an "s" and will accordingly refer to the individual as "Doctor Aksar" in this opinion.

[4] Because the complaint again fails to specify the year in which this event allegedly occurred, the court assumes that it occurred in December 2022.

[5] 28 U.S.C. § 1915(e)(2) provides:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[6] 28 U.S.C. § 1915A provides:

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. Discussion

Yurkonis brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

At the outset, the complaint will be dismissed to the extent it raises claims against Schuylkill County Prison because we previously dismissed claims against that defendant with prejudice. (Docs. 6-7).

---

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Turning to the claims against the other defendants, Yurkonis's claim against defendant Klinger sounds in deliberate indifference to a risk of assault. To establish a prima facie case of deliberate indifference, Yurkonis must allege (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) defendant was deliberately indifferent to that risk, and (3) defendant's deliberate indifference caused him harm. Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)), abrogated in nonrelevant part as recognized by Mack v. Yost, 968 F.3d 311, 319 n.7 (3d Cir. 2020). The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm." Beers-Capitol v. Wetzel, 256 F.3d 120, 132 (3d Cir. 2001). The second element is subjective: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125). Claims that defendants were deliberately indifferent to risk of assault by another inmate must allege awareness of a risk to the plaintiff specifically, and not simply inmates generally. Id. at 371.

The amended complaint does not allege sufficient facts to state a deliberate indifference claim against defendant Klinger. It is alleged in conclusory fashion that Yurkonis made Klinger "aware" of the risk of assault, (see Doc. 12 at 1), but there are no factual allegations to support this statement. It is not clear whether Yurkonis informed Klinger of a risk of assault by a specific inmate, whether that inmate was the person who subsequently assaulted Yurkonis, or whether Klinger's

action or inaction in response to Yurkonis's warning made it more likely that the assault would occur. Absent such allegations, the deliberate indifference claim against Klinger is too speculative to state a claim upon which relief may be granted. Moreover, the allegation that Klinger "failed to recognize" the danger of assault amounts to an allegation of negligence by Klinger, which is not sufficient to allege deliberate indifference. Farmer, 511 U.S. at 835; see also id. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."). Hence, we will dismiss Yurkonis's claim against Klinger.

Yurkonis's claims against defendants Borrell, Fritz, Rose, and Holiday will be dismissed. The only allegation against those defendants is that they verbally threatened Yurkonis. (See Doc. 12 at 1). Threatening language by itself does not violate the constitution. See, eg., Sears v. McCoy, 815 F. App'x 668, 670 (3d Cir. 2020) (nonprecedential); Rieco v. Moran, 633 F. App'x 76, 79 (3d Cir. 2015) (nonprecedential).[7]

We will also dismiss the claims against defendants Lt. Warden and Deputy Warden, which are based on alleged triple celling of inmates and potential exposure of inmates to COVID-19. Triple celling of inmates is not *per se* unconstitutional, see Hubbard v. Taylor, 538 F.3d 229, 233-35 (3d Cir. 2008), and the complaint does not allege any additional facts that could support a claim that the use of triple celling in

[7] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

this case was unconstitutional. As for the COVID-19 claim, there is no allegation that defendants' actions led to Yurkonis being exposed to the virus or contracting the virus. The mere fact that COVID-19 may be present in the institution is not sufficient to allege deliberate indifference to a risk of serious harm.

Finally, with respect to Yurkonis's claim against Prime Care, plaintiffs seeking to bring civil rights claims against private corporations providing medical services to jails must allege that the corporations had a "policy or custom that resulted in the alleged constitutional violations at issue." Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)). Yurkonis again fails to allege any Prime Care policy that caused the alleged violations of his civil rights and accordingly fails to state a claim against Prime Care upon which relief may be granted. Yurkonis has also failed to name any individual Prime Care employees who were personally involved in the alleged violations of his rights. The only medical professionals named in the complaint—Nurse Katrina and Doctor Aksar—appear to have provided diligent care to Yurkonis, as Nurse Katrina allegedly informed other prison employees that Yurkonis was injured and Doctor Aksar allegedly diagnosed his need for reconstructive surgery. (See Doc. 12 at 3). Hence, we will dismiss the complaint to the extent that it raises claims against Prime Care and its employees.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile. Yurkonis has

had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

## IV. Conclusion

We will dismiss the complaint without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: January 11, 2023